UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIFE INSURANCE COMPANY
OF THE SOUTHWEST,

      Plaintiff,

  v.

SARASWATI TAMANG, *et al.*,

      Defendants.

Case No. 2:17-cv-1030
JUDGE GEORGE C. SMITH
Magistrate Judge Vascura

## ORDER

This matter is before the Court upon Plaintiff's Motion for Default Judgment. (Docs. 22 and 23). The Clerk of this Court previous entered default against Defendant on May 2, 2018, and Plaintiff moved for Default Judgment on May 14, 2018. Upon consideration of the foregoing, the Court finds that Defendants are in default for failure to timely plead to the Complaint and that default judgment on Plaintiff's claims for declaratory judgment is authorized and appropriate pursuant to Fed. R. Civ. P. 55(b)(1) and (b)(2). It is therefore hereby:

**ORDERED** and **ADJUDGED** that judgment is entered in favor of Plaintiff, Life Insurance Company of the Southwest ("LSW"), and against Defendants Saraswati Tamang and Sha Bahadur Tamang, as follows:

1. That LSW Insurance Policy No. LS0489809 on the life of Saraswati Tamang is rescinded and LSW had no obligation to Saraswati Tamang beyond return of the premiums paid on said policy; and

2. That LSW Insurance Policy No. LS0489812 on the life of Sha Bahadur Tamang is rescinded and LSW had no obligation to Sha Bahadur Tamang beyond return of the premiums paid on said policy.

Although LSW further seeks an award of attorney's fees and costs, it has provided the Court with no grounds for such an award. Even when a defendant wholly fails to respond to a plaintiff's complaint, the Court may review the complaint to ensure the plaintiff has adequately stated a claim and require a *prima facie* showing of liability. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004); *Ramos-Falcon v. Autoridad de Energia Electirica*, 301F.3d 1, 2 (1st Cir. 2002); *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 2002); *Tele Video System, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Doe v. Qi*, 349 F. Supp. 2d 1258, 1272 (C.D. Cal. 2004); *In re DIRECTV, Inc.*, 2004 WL 2645971 (N.D. Cal. July 26, 2004).

In the absence of a contractual or statutory provision for fee shifting, the "American Rule" generally requires litigants (even successful litigants) to bear their own attorney's fees. *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010). Because LSW has not identified any contract or statute that would support such an award, LSW's request for an award of attorney's fees and costs is **DENIED**.

The Clerk shall remove Documents 22 and 23 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**